# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| M. JAMES SALEM, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 18 C 7708 |
| v. | )<br>) Judge Rubén Castillo |
| DIANE EGAN, | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

M. James Salem ("Plaintiff") brings this diversity action alleging defamation against Diane Egan ("Defendant"). (R. 1, Compl.) Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant moves to dismiss this case for lack of subject-matter jurisdiction and failure to state a claim, respectively. (R. 19, Mot. to Dismiss at 1.) For the reasons that follow, the motion to dismiss is granted.

## BACKGROUND

This defamation suit arises out of Plaintiff's and Defendant's involvement in another action in this District pending before U.S. District Judge Andrea Wood, *Doe v. Law School Admissions Council* ("*Doe v. LSAC*"), 17-cv-6656. (R. 1, Compl. ¶¶ 1-4, 8.) Plaintiff serves as counsel to John Doe ("Doe"), the plaintiff in *Doe v. LSAC*. (*Id.* ¶ 1.) Plaintiff sought a psychologist to conduct a diagnosis of Doe and recommend testing accommodations for Doe to the Law School Admissions Council ("LSAC"). (*Id.* ¶¶ 2-3.) Plaintiff alleges that Defendant falsely represented she was a psychologist and then made false representations to LSAC after diagnosing Doe and authorizing Plaintiff to send LSAC two letters—one on July 25, 2017, and another on September 5, 2017—regarding Doe's testing accommodations. (*Id.* ¶¶ 3-4, 12-17.)

Specifically, Plaintiff claims that, on November 21, 2017, Defendant misrepresented to LSAC's counsel that: Doe was not disabled; Defendant had not authorized Plaintiff to send letters regarding Doe to LSAC; and Plaintiff had made fraudulent representations to LSAC regarding Doe's disability. (*Id.* ¶¶ 3, 15-17.) Plaintiff also claims that, two days later, Defendant signed a declaration under oath in *Doe v. LSAC* repeating these alleged misrepresentations. (*Id.* ¶¶ 4, 18, 21; 17-cv-6656, R. 38-1, Egan Decl.) According to Plaintiff, the *Chicago Daily Law Bulletin* published an article repeating Defendant's "false and defamatory statements," and Defendant's allegedly false statements damaged Plaintiff's professional reputation. (R. 1, Compl. ¶ 22.)

Plaintiff alleges that he is "*domiciled* in New York." (*Id.* ¶ 5.) He claims that Defendant is a psychologist licensed in Ohio who is "domiciled in Cook County, Illinois." (*Id.* ¶¶ 5, 11.) To support his assertion that he is domiciled in New York, Plaintiff submits airplane tickets showing that he traveled to New York several times in 2015 and 2016. (R. 23-2, Airplane Tickets.) In addition, Plaintiff asserts that he is a graduate of Columbia University's School of Engineering and Applied Science in New York, and he provides a response to an email from the director of alumni relations at the university asking for any "professional updates, recent travels, personal milestones, or simply an overall update on what's been happening since leaving [Columbia University.]" (R. 23-3, July 22, 2018, Email.) In his response to the email, Plaintiff stated that he did not have any alumni notes to share, but that he had "written a physics paper that [he] will share . . . , hopefully by next year," which "resolves the physics in a black hole, dark matter[,] and energy[.]" (*Id.*)

Plaintiff declares "under oath and under the penalties of perjury" that he resided in New York from elementary school until 2004, at which time he rented a house in Palos Heights, Illinois. (R. 23, Resp. at 2.) Plaintiff then states that he regularly travels between Illinois and

New York, and that he maintains a residence in New York by "paying the rent" for that residence in "checks and cash to [his] sister." (*Id.* at 3.) Plaintiff also declares that he "maintain[s] a part-time law practice in New York, receiv[es] mail in New York," and that he has "an attorney I.D. card with an address registered online in New York." (*Id.*) Plaintiff represents that he regularly litigates cases in New York. (*Id.*) Plaintiff states that after his children finish law school, "within 3 to 4 years from now, [his] intention is to reside[] only in New York and purchase a house in New York." (*Id.* at 3-4.) Plaintiff declares that he plans to return to New York because he has few familial connections in Illinois and plans to pursue a career in physics in New York. (*Id.* at 4.)

On the issue of Plaintiff's domicile, Defendant submits to the Court a report and recommendation from the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission ("ARDC") dated October 18, 2017, which responded to allegations that Plaintiff, among other things, had practiced law in Illinois without an Illinois license in violation of Illinois Rules of Professional Conduct. (R. 20-3, Oct. 18, 2017, Report & Recommendation at 1-2.) The report states that Plaintiff worked in New York at the Westchester County Attorney's Office from 1990 until 2003, and that he "moved to Illinois with his family in December 2003 and has had a permanent residence here since that time." (*Id.* at 3, 16.) The report also states that "[i]t is undisputed that [Plaintiff] has been an Illinois resident since 2003," and that "he did have an office in his home which he used for the practice of law." (*Id.* at 8.) According to the report, Plaintiff incorporated his law practice in Illinois, Plaintiff's business cards list his Illinois address and phone numbers, and Plaintiff testified that he has used those business cards for the last ten years. (*Id.* at 4-5, 9-10.) The report also found that Plaintiff's business letterhead listed his

3

Illinois address, phone number, and fax number. (*Id.* at 13.) Plaintiff also filed tax appeal matters before the Cook County Board of Review in September 2015. (*Id.* at 17.)

The Hearing Board concluded that Plaintiff engaged in the unauthorized practice of law. (*Id.* at 18.) Plaintiff appealed to the ARDC's Review Board, and the Review Board affirmed the Hearing Board's findings. (R. 20-4, Review Bd. Op. at 10.) The Illinois Supreme Court subsequently suspended Plaintiff from the practice of law for 90 days "and until further order of the Court." (R. 20-5, Jan. 29, 2019, ARDC Decision; R. 25, Rule to Show Cause.)

Defendant also submits a January 31, 2019, court transcript from *Doe v. LSAC*, in which Plaintiff represented to Judge Wood that he "essentially lived in Illinois" since at least 2004. (R. 20-6, *Doe v. LSAC* Tr. at 6.) He also told Judge Wood that, although he is licensed to practice law in New York and "grew up" in New York, he is representing clients in Illinois. (*Id.* at 7-8, 12.) When Judge Wood asked Plaintiff about his recent travel to New York, Plaintiff stated that he was there "three or four months ago" and that he stayed there "[m]aybe a day or two" with his sister. (*Id.* at 9.) He stated that it is his "intention to eventually go back to New York," and that he "reside[s] with [his sister] and [pays] rent there[.]" (*Id.*) When asked how much longer Plaintiff planned on living in Illinois, Plaintiff responded that he did not plan to reside in Illinois indefinitely, and that he would probably stay in Illinois until his children finished school, which would occur within the next three or four years. (*Id.* at 10-11.) Plaintiff also told Judge Woods that he is registered to vote in both Illinois and New York. (*Id.* at 12.)

Plaintiff stated that he does not own the residence he stays at when he is in New York, but that the residence is owned by a landlord to whom his sister pays rent. (*Id.* at 12-14.) Plaintiff says that he gives money to his sister who pays the landlord, and that his sister also pays for utilities, which are registered in her name. (*Id.* at 14.) When asked whether he had a business

4

address in New York, Plaintiff responded that his New York attorney's license lists his sister's residence as his address, and that the "only reason [he] came to Illinois was [because his] wife has an illness[.]" (*Id.* at 14.) He then told Judge Wood that it is "genuinely [his] intent, to go back to New York" because he and his wife "lived in New York for 15 years[.]" (*Id.*) He also stated that he has many "connections" in New York and has gone back to New York "many times," "spent months" there, and "litigated cases in the federal court" there. (*Id.* at 17.) The business address Plaintiff listed for the *Doe v. LSAC* case and this case, however, is an Illinois address. (*Id.* at 15-16.)

## PROCEDURAL HISTORY

On November 19, 2018, Plaintiff filed his complaint, which brings a claim for defamation under Illinois law against Defendant. (R. 1, Compl.) Plaintiff alleges that the Court has subject-matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 5.) Consistent with the Illinois Supreme Court's order suspending Plaintiff's Illinois license for 90 days, this Court entered an order imposing reciprocal discipline, suspending Plaintiff from the practice of law in this district for 90 days and until further order of the Illinois Supreme Court. (R. 25, Rule to Show Cause.) On June 11, 2019, after Plaintiff failed to adequately respond or show cause why additional sanctions should not be imposed on him, this Court's Executive Committee ruled that Plaintiff cannot apply for reinstatement to practice before this Court until one year from June 11, 2019. (R. 29, Order at 2-4.)

On February 6, 2019, Defendant filed a motion to dismiss, which maintains that Plaintiff's complaint should be dismissed for either of two reasons. (R. 19, Mot. to Dismiss.) First, Defendant argues that the Court lacks subject-matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are both domiciled in, and thus citizens of, Illinois. (*Id.* at 2.)

5

Defendant contends that Plaintiff has "resided uninterrupted in Illinois for more than 15 years" with his wife and children. (R. 20, Mem. at 3-4.) Consequently, Defendant argues, Plaintiff is not domiciled in New York despite his allegations to that effect. (R. 19, Mot. to Dismiss at 2.) Defendant then contends that even if the Court has subject-matter jurisdiction, the Court must dismiss Plaintiff's complaint for failure to state a claim because Defendant's allegedly false statements were made as a witness in a court proceeding and therefore are not statements that can form the basis of a defamation lawsuit under Illinois law. (*Id.* at 2-3; R. 20, Mem. at 8-11.)

In response, Plaintiff argues that diversity jurisdiction exists because the record before the Court shows that he is domiciled in New York, and therefore he has diversity of citizenship with Defendant, who is domiciled in Illinois. (R. 23, Resp. at 8-10.) Plaintiff also argues that he sufficiently states a claim for defamation because Defendant's allegedly false statements were made outside of judicial proceedings and therefore are not entitled to any immunity under Illinois law. (*Id.* at 10-11.)

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject-matter jurisdiction over the action. FED. R. CIV. P. 12(b)(1). This case presents a factual challenge to jurisdiction because Defendant presents evidence to show that the parties are not diverse, and that the Court lacks diversity jurisdiction under 28 U.S.C. § 1332. *See Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (noting that a factual challenge occurs when a party contends there is in fact no subject-matter jurisdiction, even if the pleadings allege a basis for jurisdiction). In reviewing a factual challenge to jurisdiction, the Court may evaluate evidence submitted outside of the pleadings. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Where material facts related to jurisdiction are disputed, "no presumptive

truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quotation omitted). Plaintiff has the burden to prove facts bearing on jurisdiction "by a preponderance of the evidence." *Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 424 (7th Cir. 2010) (internal quotation omitted); *see also Silha*, 807 F.3d at 173.

A motion to dismiss pursuant to Rule 12(b)(6), on the other hand, challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing the sufficiency of the complaint, the Court accepts all well-pleaded factual allegations in the complaint as true and "draw[s] all reasonable inferences in favor of the non-moving party." *Tobey v. Chibucos*, 890 F.3d 634, 639, 645 (7th Cir. 2018).

## ANALYSIS

Subject-matter jurisdiction based on diversity of citizenship under Section 1332 requires that the amount in controversy exceed $75,000 and that the action be between citizens of different states. 28 U.S.C. § 1332(a)(1). Plaintiff meets the amount in controversy requirement by claiming more than $75,000 in damages. (R. 1, Compl. at 4.) The Court, concludes, however, that it lacks diversity jurisdiction because Plaintiff and Defendant are both citizens of Illinois.

Diversity jurisdiction "requires complete diversity: no plaintiff may be a citizen of the same state as any defendant." *Altom Transp., Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416, 420

(7th Cir. 2016). "A natural person," such as Plaintiff or Defendant, "is a citizen of the state in which she is domiciled." *Id.* A person's domicile is the place where he or she is physically present and "intends to live in the long run." *RTP LLC v. Orix Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016); *Sheneman v. Jones*, 682 F. App'x 498, 499 (7th Cir. 2017) ("[E]stablishing domicile in a particular state requires physical presence while intending to remain there."); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (allegations of residence alone are insufficient to establish domicile). As noted above, because the parties submit evidence regarding Plaintiff's domicile, the Court must resolve a factual challenge as to whether the parties are citizens of different states. *See Silha*, 807 F.3d at 173. Plaintiff, therefore, bears the burden of establishing that he is domiciled in a different state than Defendant by a preponderance of the evidence. *Muscarello*, 610 F.3d at 424; *see also Silha*, 807 F.3d at 173. Facts relevant to whether a person is domiciled in a particular state may include "living at the same address for many years, having in [that] state a driver's license, a job, and/or a registered vehicle, and receiving medical care" in that state. *Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 733 (7th Cir. 2017); *see also Heinen*, 671 F.3d at 670 ("The amended notice shows that [Plaintiff] and his family had a home in Massachusetts when the case was removed, that he was registered to vote there, and that he had a driver's license issued by that state. This shows domicile[.]").

There is no dispute that Plaintiff currently lives in Illinois and intends to live in Illinois for at least several years, namely, until his children finish their education. (R. 23, Resp. at 3-4, 9; R. 20-6, *Doe v. LSAC* Tr. at 11-12, 15-16.) He has continuously lived in Illinois with his family since 2003, periodically travelling to New York during that time for work or to visit family. (R. 20-3, Oct. 18, 2017, Report & Recommendation at 3, 8, 16; R. 20-6, *Doe v. LSAC* Tr. at

10-14; R. 23, Resp. at 9.) He also practices law in Illinois, retains an Illinois work address, phone number, and fax number, and holds himself out as an Illinois attorney. (R. 20-3, Oct. 18, 2017, Report & Recommendation at 4, 8-10, 13, 17; R. 20-6, *Doe v. LSAC* Tr. at 6, 10-11, 13.) Additionally, Plaintiff is registered to vote in Illinois, has filed tax appeals in Illinois, and his wife and children live in Illinois. (R. 20-3, Oct. 18, 2017, Report & Recommendation at 4, 8-10, 13, 17-18; R. 20-6, *Doe v. LSAC* Tr. at 6, 10-11, 13.) Accordingly, the Court concludes, based on this evidence, that Plaintiff's domicile is in Illinois, and Plaintiff has failed to establish by a preponderance of the evidence that his domicile is in New York. *See, e.g., Heinen*, 671 F.3d at 670; *Muscarello*, 610 F.3d at 424 (finding that the plaintiff was domiciled in Arizona despite prior connections to Illinois where: her permanent residence was in Arizona; she intended to remain in Arizona; she spent seven months of the year in Arizona; she had a driver's license and voter registration in Arizona; and she listed her Arizona address with Medicare, Social Security, and on various property tax bills); *Strabala v. Zhang*, 318 F.R.D. 81, 99 (N.D. Ill. 2016) ("It is undisputed that [the plaintiff] was domiciled in Illinois from roughly 1987 or 1988 until at least March 2006. Therefore, for Illinois to no longer be [the plaintiff's] domicile, there must be evidence not only that [the plaintiff] physically resides at a new location but that he does so with the intention to remain there indefinitely, or, as some federal courts articulate it, the absence of any intention to go elsewhere." (quotation omitted)).

Plaintiff's regular travel to New York for work and to visit his family does not establish that he is physically present with an intent to remain in any state other than Illinois where he lives with his wife and children. (R. 20-6, *Doe v. LSAC* Tr. at 10-14; R. 23, Resp. at 9.) Ultimately, the evidence submitted by Plaintiff shows that he travels to New York for short

periods of time, and that his sister has a New York residence that he helps maintain.[1] (R. 20-6, *Doe v. LSAC* Tr. at 13-15; R. 23, Resp. at 3; R. 23-2, Airplane Tickets.) His response to an alumni association email from Columbia University is merely an offer to share his theories on physics and does not demonstrate that he seeks to pursue a career as a physicist in New York. (R. 23-3, July 22, 2018, Email.) His other ties to New York, such as his New York attorney identification card, voter's registration,[2] occasional work, and relatives, are in line with the fact that he lived in New York before settling in Illinois where he has lived for the last 15 years. (*See* R. 23, Resp. at 2-4, 9.) None of this evidence establishes by a preponderance of the evidence that he is physically present in New York with an intent to remain there in the long run, nor does it overcome the undisputed evidence that Plaintiff is currently present in Illinois with an intent to remain here until his children finish their education, which will not occur within at least the next three to four years. *See Weisskopf v. Marcus*, 695 F. App'x 977 (7th Cir. 2017) (observing that a person's domicile remained the same unless that person "affirmatively establishes a domicile somewhere else through presence coupled with an intent to remain"); *Sheneman v. Jones*, 682 F. App'x 498, 499 (7th Cir. 2017) ("And neither has [the plaintiff] established domicile in Michigan; his intention to live there cannot confer citizenship without physical presence."); *Strabala*, 318 F.R.D. at 99.

---

[1] Even if his connection with his sister's residence were more substantial, "[a] second home in another state is not unusual, and courts should be cautious about inferring that someone has abandoned a domicile of many years simply by residing in another state for a time." *Miller v. Fryzel*, 499 F. App'x 601, 603 (7th Cir. 2013).

[2] That Plaintiff is still registered to vote in New York does not lend much support to his case for domicile because he represents that the only reason he is still registered to vote in New York is that he never changed his New York voter registration and, according to Plaintiff, "[o]nce a person registers to vote in New York, they always remain registered whether or not they vote[.]" (R. 23, Resp. at 3.)

Aside from citing case law to generally describe principles related to diversity jurisdiction and domicile, Plaintiff offers no legal authority that likens his factual circumstances to a case in which a court exercised diversity jurisdiction. (R. 23, Resp. at 8-10.) Instead, he cites *Galva Foundry Co. v. Heiden*, 924 F.2d 729 (7th Cir. 1991), and attempts—but fails—to persuasively distinguish *Galva*. In *Galva*, the Court affirmed the district court's finding that the plaintiff did not change his domicile from Illinois to Florida although the plaintiff had a residence in Florida, regularly spent time in Florida, had a driver's license and voter's registration in Florida, and had listed his Florida address on federal and state tax returns. *Galva*, 924 F.2d at 730. The court reasoned that the plaintiff was still domiciled in Illinois because "for the foreseeable future he intends to spend most of the year in [Illinois], as he has always done." *Id.* Like the plaintiff in *Galva*, Plaintiff intends to reside and spend most of the year in Illinois for the foreseeable future, as he has done for the past 15 years. (R. 23, Resp. at 3-4; R. 20-6, *Doe v. LSAC* Tr. at 11-12, 15-16.) Therefore, like the plaintiff in *Galva*, Plaintiff fails to establish that his connections with another state are sufficient to establish his domicile there. *See Galva*, 924 F.2d at 730.

Accordingly, the Court concludes that Plaintiff is domiciled in Illinois and his citizenship is not diverse from Defendant's citizenship. *See Altom Transp., Inc.*, 823 F.3d at 420. The Court, therefore, lacks subject-matter jurisdiction and dismisses this case without prejudice. *See Collier v. SP Plus Corp.*, 889 F.3d 894, 897 (7th Cir. 2018) (observing that a dismissal for lack of subject-matter jurisdiction is a dismissal without prejudice). Because this Court lacks jurisdiction, it will not address Defendants' Rule 12(b)(6) challenge. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it

ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (internal quotation omitted)).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (R. 19) is GRANTED, and this case is DISMISSED without prejudice for lack of subject-matter jurisdiction.

ENTERED:

**Judge Rubén Castillo**
**United States District Court**

**Dated: July 29, 2019**